IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CEJA-ROMERO,

    Petitioner,                      No. CIV S-07-0134 MCE DAD P

   vs.

KUMA DEBOO, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a federal prisoner proceeding pro se has filed an unsigned application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner was convicted and sentenced in the U.S. District Court for the District of Arizona and is currently incarcerated at the Federal Correctional Institution - Herlong, in Lassen County. The proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        This court will recommend that petitioner's application for a writ of habeas corpus be dismissed without prejudice to the filing of an action under the Federal Tort Claims Act or a Bivens action.

/////

/////

1

Petitioner's application includes three brief claims:

FAILURE TO TREAT PETITIONER'S MEDICAL CONDITION RESULTS IN WANTON INFLICTION OF PAIN. This administration has continuously and deliberately disregarded this inmate's present medical condition (i.e., hernia) of which he continuously suffers from on a daily basis.

DELIBERATE INDIFFERENCE ON PRESENT MEDICAL CONDITION AND OTHER. . . Deliberate indifference is evidenced only when the official knows of and disregards an excessive risk to an inmate's health and safety.

THE PETITIONER HAS SOUGHT TO FILE FOR INMATE COMPENSATION AS WAS INSTRUCTED TO DO SO ON ADMINISTRATIVE REMEDY RESPONSE, BUT TO NO AVAIL FROM THIS ADMINISTRATION. The Petitioner/Inmate has sought to follow instruction and has only been neglected and mistreated, and further has not been able to achieve treatment which he so much is in need of.

(Pet. at 3-4). Petitioner has attached to his application a letter from the Federal Bureau of Prisons, denying petitioner's claim for damage, injury, or death under the Federal Tort Claims Act and explaining that petitioner may bring suit in the appropriate United States Court if he is not satisfied with the determination. The letter further states that "it appears your sole means of redress for a work-related injury is through the Inmate Compensation System." (Pet. at 6).

Other than filing his claims on a § 2241 form, petitioner has not otherwise indicated that he is seeking a writ of habeas corpus. Petitioner has not questioned or challenged the legality of his detention. In addition, petitioner has not requested release from prison.[1] In fact, petitioner has not requested any relief whatsoever. Petitioner appears to be challenging the conditions of his confinement. In particular, petitioner appears to be claiming that he has received inadequate medical care for his hernia while incarcerated at FCI Herlong.

---

[1] Petitioner also has not alleged that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy. "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). A prisoner may invoke a court's jurisdiction under § 2241 only if he can show that the remedy under § 2255 is "inadequate or ineffective" to test his incarceration. Ivy, 328 F.3d at 1059.

1    Petitioner is advised that prisoners who seek relief from unlawful detention may
file a petition for a writ of habeas corpus.  In contrast, federal prisoners who seek damages for
negligence or violations of their constitutional rights may file an action under the Federal Tort
Claims Act and/or a Bivens action.

    More specifically, if petitioner wishes to seek damages from prison officials for
negligent medical treatment, he may be able to file an action under the Federal Tort Claims Act
("FTCA").  28 U.S.C. §§ 2671, et seq.  However, as the Federal Bureau of Prisons' letter
suggested, the Prison Industries Fund provides prisoners their exclusive statutory remedy for
work-related injuries.  See United States v. Demko, 385 U.S. 149 (1966); Vander v. U.S. Dep't of
Justice, 268 F.3d 661 (9th Cir. 2001); 28 U.S.C. § 4126(c); 28 C.F.R. § 301.301(b).  In Demko, a
federal prisoner received compensation under the Prison Industries Fund.  Demko, 385 U.S. at
149.  He later brought suit under the FTCA, alleging that his injury was due to the government's
negligence and that he was entitled to recover under the Act.  Id. at 150.  The Supreme Court held
that the prisoner's recovery under Prison Industries Fund was his exclusive remedy and noted that
it is an "an adequate substitute for a system of recovery by common-law torts."  Id. at 153.

    The Ninth Circuit has similarly refused to allow a federal prisoner to proceed in a
suit under the Federal Tort Claims Act for work-related injuries.  Vander, 268 F.3d at 663.  In
Vander, a federal prisoner alleged that his on-the-job injury was exacerbated by prison officials'
negligent medical care and treatment.  Id.  Relying on Demko, the Ninth Circuit held that the
prisoner was barred from seeking relief under the FTCA because the Prison Industries Fund
provides the exclusive remedy for work-related injuries.  Id. at 663-64.  In addition, the court
explained that claims related to injuries that are exacerbated as a result of prison officials'
negligent treatment are similarly barred if the cause of the original injury is work-related.  Id. at
664.  Thus, if petitioner's hernia is a work-related injury, petitioner's exclusive statutory remedy
is likely the Prison Industries Fund.  If petitioner's hernia is a nonwork-related injury, petitioner
may be able to state a cause of action under the Federal Tort Claims Act.

1  If petitioner wishess to seek damages from federal officials for violating his
2  constitutional rights, he may file a <u>Bivens</u> action.  See <u>Bivens v. Six Unknown Named Agents of</u>
3  <u>Federal Bureau of Narcotics</u>, 403 U.S. 388, 390, 397 (1971).  In <u>Bivens</u>, the plaintiff alleged that
4  agents of the Federal Bureau of Narcotics made a warrantless entry into his apartment under color
5  of federal authority, searched his apartment, and arrested him without probable cause.  The
6  Supreme Court held that the alleged violations arose directly under the Fourth Amendment and
7  stated a federal cause of action for damages.  <u>Id.</u> at 392-94, 397.
8  The Supreme Court has extended the <u>Bivens</u> remedy to Eighth Amendment claims.
9  See <u>Carlson v. Green</u>, 446 U.S. 14 (1980).  In <u>Carlson</u>, the Supreme Court recognized a cause of
10 action directly under the Eighth Amendment's Cruel and Unusual Punishment Clause against
11 individual federal prison officials.  <u>Id.</u> at 24.  The Court explained that "<u>Bivens</u> established that
12 victims of a constitutional violation by a federal agent have a right to recover damages against the
13 official in federal court despite the absence of any statute conferring such a right."  <u>Id.</u> at 18.  The
14 Court rejected arguments that the Federal Tort Claims Act was a sufficient protector of
15 constitutional rights, noting that the threat of suit against the United States was not sufficient to
16 deter unconstitutional acts of individuals.  <u>Id.</u> at 21-23.  The Court also explained that Congress
17 intended FTCA actions and <u>Bivens</u> actions to be "parallel, complementary causes of action."  <u>Id.</u>
18 at 20; <u>see</u> also <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996) (Prison Industries Fund statute
19 does not preclude <u>Bivens</u> suits against prison officials).  Thus, if petitioner wants to seek damages
20 against federal prison officials for providing him with inadequate medical care, he may be able to
21 state a federal cause of action directly under the Eighth Amendment.
22 Accordingly, IT IS HEREBY RECOMMENDED that:
23 1. Petitioner's January 19, 2007 application to proceed in forma pauperis be
24 denied; and
25 2. Petitioner's application for a writ of habeas corpus be dismissed without
26 prejudice to filing an action under the Federal Tort Claims Act or filing a <u>Bivens</u> action.

4

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ceja0134.156